NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Hon. Faith S. Hochberg |
| | : | |
| | : | Crim. No. 06-406 (FSH) |
| v. | : | |
| | : | **ORDER** |
| FREDERICK SCHIFF, | : | |
| | : | Date: January 24, 2008 |
| Defendant. | : | |
| | : | |
| | : | |
| | : | |

**HOCHBERG, District Judge:**

This matter comes before the Court upon the government's letter dated January 21, 2008. Having considered all written submissions, and after a telephone conference call held on January 23, 2008, and for other good cause shown;

it appearing that Defendant Schiff wishes to brief additional arguments related to footnote 4 from his Memorandum of Law in Support of Motion *In Limine* [Dkt. #155], which purported to incorporate by reference certain arguments made in a prior motion by Defendant Lane, but which were not briefed by Defendant Schiff; and

it appearing that the trial is currently scheduled to begin on March 17, 2008. The Court has reviewed its calendar and in light of other pressing matters on the Court's calendar, the Court is not prepared to delay the trial. Moreover, this case has been repeatedly adjourned and was to

have been ready for trial as of September 17, 2007;[1]

**IT IS**, on this 24th day of January, 2008, hereby

**ORDERED** that on or before **5:00 p.m. on January 26, 2008**, Defendant Schiff shall provide a letter brief addressing any additional arguments that he "incorporated" in the aforementioned footnote in his prior briefing[2] and the government shall have the opportunity to respond on or before **5:00 p.m. on January 29, 2008**; and it is

**ORDERED** that on or before **February 6, 2008**, the government shall furnish to the Court and to Defendant Schiff an expert report for each expert witness that it intends to introduce at trial; and it is

**ORDERED** that on or before **February 20, 2008**, Defendant Schiff shall: (1) furnish to the Court and to the government an expert report for each expert witness that he intends to introduce at trial, and (2) file his brief raising any *Daubert* challenges to the Feb. 6 report(s) of the government's expert(s); and it is

**ORDERED** that there shall be no extension of the above dates, which have already been unduly extended by prior proceedings as set forth during the January 23, 2008 conference call. Any failure to abide by such dates shall constitute a waiver of the right to call such expert witness at trial; and it is

**ORDERED** that on or before **February 27, 2008**, the government shall brief any

---

[1] The case was originally scheduled with a peremptory, jointly agreed trial date in July 2007, which was then adjourned at the joint request of all parties until September, then in July 2007, at the joint request of all parties, adjourned again until January, 2008. On November 1, 2007, the Court granted the joint request for severance of the trials of Defendant Schiff and Defendant Lane and set the March 17, 2008 trial date for Defendant Schiff.

[2] As discussed during the telephone conference, Defendant Schiff shall not incorporate previous arguments by reference. Any arguments he wishes to present shall be presented in the letter brief.

*Daubert* issues that they wish the Court to consider with respect to Defendant's Schiff's expert report(s) and its response to Defendant Schiff's *Daubert* motion; and it is

**ORDERED** that on or before **March 4, 2008**, Defendant Schiff shall respond to the government's *Daubert* brief with respect to Defendant Schiff's expert; and it is

**ORDERED** that the Court will hold *Daubert* hearings on **March 11, 2008 at 10:00 a.m.** All proposed experts shall appear in person at this hearing which shall be concluded on such date; and it is

**ORDERED** that on or before **February 22, 2008**, the parties shall submit trial briefs; and it is

**ORDERED** that for any submissions designated as "joint," the parties are instructed to meet and confer in person prior to filing the following joint submissions for the purpose of resolving any disputes.  For those intractable disputes that cannot be resolved, the parties may include a brief addendum, in dual column format, to any joint submission identifying the issue and the parties' respective positions (with citations to relevant caselaw).  Any issues required to be identified in these submissions will be deemed waived if not presented.  The parties are reminded that all papers must be submitted to the Court in both hard copy and to the Court's deputy clerk, Larry MacStravic, at larry_macstravic@njd.uscourts.gov;

**ORDERED** that counsel shall **JOINTLY** submit two copies of the following, with a table of contents, to the Court no later than **March 10, 2008**:

(1) a neutral statement of the case to be read to the jury pool; and

(2) no more than twenty case-specific voir dire questions that may be asked aloud to the jury pool, and may be answered with a "YES" or "NO" response by the jurors, where a "YES"

response would prompt further questions at sidebar;[3] and

(3) either an agreement that the indictment may be read to the selected jurors, or an agreed-upon summary of the indictment that may be read to the selected jurors; and it is

**ORDERED** that no later than **March 14, 2008**, counsel shall **JOINTLY** submit proposed jury instructions and verdict sheet to the Court with contested charges tabbed and side by side on a dual column chart.

**/s/ Faith S. Hochberg**
Hon. Faith S. Hochberg, U.S.D.J.

---

[3] The Court will ask (and therefore the parties need not include) general questions of the jury pool about occupation, education, prior jury service, and whether any potential juror will suffer hardship given the date and likely duration of the trial.